UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23216-BLOOM/Torres

ADRIAN FORBES,

     Plaintiff,

v.

BRITT'S BOW WOW BOUTIQUE, INC.,
and MERRI COLVARD,

     Defendants.

_____/

## ORDER ON JOINT MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon the Parties' Joint Motion in *Limine*, ECF No. [54] ("Joint Motion"). The Court has considered the Joint Motion, the record in this case, the relevant law, and is otherwise fully advised. For the reasons that follow, the Joint Motion is granted in part and denied in part.

## I. BACKGROUND

The Parties filed their Joint Motion pursuant to the Court's Order Scheduling Trial, ECF No. [40], on August 26, 2024. Defendants seek to exclude the following evidence or testimony: (1) any documentary evidence that demonstrates Plaintiff's overtime work; (2) any evidence that contradicts Plaintiff's testimony that he worked 73 hours a week for 33 weeks; and (3) any evidence from Sydney Keefe's related case against Defendants.[1] Defendants also seek to prevent

---

[1] Defendants seek to preclude Plaintiff from introducing evidence of his damages because Plaintiff failed to include a computation of damages in his Rule 26 disclosures. Defendants argue Plaintiff should therefore be precluded from introducing evidence of his damages because his disclosures violate Rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P 37(c)(1). The Court's Scheduling Order, ECF No. [11], provides "[a]ll dispositive pre-trial motions" must be filed by June 5, 2024. *Id.* at 2. As the Order made clear, "[t]his deadline does not include motions in *limine* **but includes all other pre-trial motions.**" *Id.* (emphasis in original). Defendants did not file any motions to strike nor did the

Plaintiff from contesting their assertion that Plaintiff billed the federal government 40 hours a week during the Claim Period for the care he provided to his now-deceased mother.

Plaintiff seeks to exclude the following evidence or testimony: (1) references to attorney's fees, costs, or liquidated damages; (2) arguments insinuating Plaintiff misrepresented the hours spent caring for his now-deceased mother when billing the federal government; and (3) evidence or argument of Plaintiff using illegal drugs; and (4) any text messages sent outside the Claim Period.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 06-MD-1769, 07-CV-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 16-CV-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 01-CV-545, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers

---

Defendant seek to have the claimed Rule 26 deficiency heard by the presiding magistrate judge. The Court declines to entertain Defendants' untimely motion to strike based on Plaintiff's Rule 26 disclosures.

as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function … is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

## III. DISCUSSION

### A. Defendants' Motion

Defendants seek to exclude the following evidence or testimony: (1) any documentary evidence reflecting Plaintiff's overtime work; (2) any evidence that contradicts Plaintiff's testimony that he worked 73 hours a week for 33 weeks; and (3) any evidence from Sydney Keefe's related case against Defendants. Defendants also seek to preclude Plaintiff from contesting the assertion that he billed the federal government about 40 hours a week during the Claim Period because Plaintiff destroyed his time records.

i.      **Documentary Evidence of Plaintiff's Overtime Work**

Defendants argue Plaintiff should be precluded from introducing any documentary evidence of his overtime work because he failed to produce any such evidence, instead relying on his own testimony. For support, Defendants point out this Court observed "Defendants are correct that Plaintiff lacks documentation of his overtime work[ ]" in its Order on Summary Judgment. *See* ECF No. [46] at 24. Defendants also argue this evidence is properly excluded because Plaintiff failed to fulfill his discovery obligations.

Plaintiff responds that the Court's observation that Plaintiff did not rely on documentary evidence to contest Defendants' motion for summary judgment does not support excluding any such evidence at trial. Moreover, Plaintiff points out Defendants did not make any requests for production or propound interrogatories.

The Court agrees with Plaintiff. Defendants fail to support their assertion that Plaintiff failed to fulfill his discovery obligations. Defendants do not challenge Plaintiff's representation that they never made any requests for production or propounded interrogatories. As Plaintiff points out, he timely disclosed and produced the documents requested in Defendants' notice of deposition *duces tecum*. Moreover, the Court's observation that Plaintiff did not rely on documentary evidence to challenge Defendants' motion for summary judgment fails to show any such evidence should be excluded at trial. The Motion is therefore denied as to this issue.

ii.      **Evidence Contradicting Plaintiff's Testimony Regarding His Hours**

Defendants seek to "limit Plaintiff's overtime claim to his claim that he averaged 73 hours of work per week for 33 consecutive weeks." ECF No. [54] at 5. Defendants contend this is necessary "[t]o avoid trial by ambush and to give meaning to depositions and admissions." *Id.* For support, Defendants again reference Plaintiff's failure to fulfill his discovery obligations.

Plaintiff responds that the proper remedy for contradicting his prior testimony is impeachment, not excluding any such evidence *in limine.*

Defendants seek an order limiting Plaintiff's substantive *claim* at trial. Defendants provide no support for this position. As Plaintiff correctly points out, the proper mechanism for challenging inconsistent statements is impeachment. If Plaintiff articulates a different weekly schedule at trial, Defendants may impeach that testimony with Plaintiff's prior deposition testimony and admissions. However, Defendant fails to demonstrate that any such testimony or other evidence should be excluded *in limine.* The Joint Motion is accordingly denied as to this issue.

### iii.    Evidence from Sydney Keefe's Related Case

Defendants next seek to exclude any evidence or argument regarding the jury verdict, decisions, or other information pertaining to a related case involving Defendants and Sydney Keefe ("Keefe"), Plaintiff's former co-worker, in *Keefe v. Britt's Bow Wow Boutique, Inc. et al.*, Case No. 22-cv-62138 (S.D. Fla. 2022). Defendants argue that evidence should be excluded under Rule 403 because its probative value is substantially outweighed by the risk of unfair prejudice. Defendants observe it would be prejudicial to argue they must have failed to compensate Plaintiff for his overtime work because they later failed to compensate Keefe for *her* overtime work. Defendants also point out that Keefe's employment began after the Claim Period in this case. Plaintiff responds that he should be permitted to admit Keefe's prior testimony under oath and discovery responses because that evidence is relevant to the issue of willfulness.

Defendants are correct that any relevance is outweighed by the risk of undue prejudice. Arguing Defendants must have failed to pay Plaintiff overtime in this case because they later failed to pay Keefe's overtime wages is improper. Plaintiff relies on *Contreras v. Aventura*

*Limousine & Transportation Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996 (S.D. Fla. July 29, 2014) to support his position that this evidence is admissible because it is relevant to the issue of willfulness. In *Contreras*, the plaintiff argued "numerous, prior lawsuits by similarly-situated drivers, claiming that they were not independent contractors, should have put [d]efendants on notice that they were possibly violating the law and constitutes evidence of [d]efendant's willful violation of the law." *Id.*, at *1. The court denied the defendants' motion *in limine* to exclude those prior lawsuits, concluding "the probative value of the number of other lawsuits outweighs the prejudice[ ]" because those "prior lawsuits arguably put Defendant on notice of potential FLSA violations." *Id.*

While Keefe's lawsuit also concerned Defendants' failure to pay her overtime, that lawsuit concerns events that took place *after* the Claim Period in this case. Unlike the prior lawsuits in *Contreras*, Keefe's prior lawsuit accordingly cannot demonstrate that Defendants had notice of potential FLSA violations because their failure to pay Keefe overtime wages occurred *after* the events that form the basis of Plaintiff's overtime claim. The Court accordingly agrees with Defendants that the risk of unfair prejudice substantially outweighs the probative value of evidence derived from this related case. The Motion is therefore granted as to this issue.

### iv.    Plaintiff Charging the Government for Caring for His Mother

Defendants argue Plaintiff should be prevented from contesting their position that he billed the federal government approximately 40 hours a week to care for his mother during the Claim Period. Defendants point out that Plaintiff testified he cared for his mother in addition to working for Defendants during the Claim Period, and he threw out the records reflecting how much time he spent doing so. Defendants argue Plaintiff deliberately destroyed this evidence, which justifies preventing Plaintiff from contesting this argument as a sanction for spoliation of

evidence. Plaintiff responds that he testified he could not recall how many hours he typically spent caring for his mother per week, and he threw out records of that time when his mother died because he "didn't need them." ECF No. [30-3] at 31.

Defendants' argument is without merit. "Spoilation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *Graff v. Baja Marine Corp.*, 301 (11th Cir. 2009). As Plaintiff correctly points out, to demonstrate that spoilation occurred, Defendants must show "first, that the missing evidence existed at one time; second, that the alleged spoliator had a duty to preserve the evidence; and third, that the evidence was crucial to the movant being able to prove its prima facie case or defense." *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1322 (S.D. Fla. 2010). Moreover, "[a] party's failure to preserve evidence rises to the level of sanctionable spoilation 'only where the absence of that evidence is predicated on bad faith,' such as where a party purposely loses or destroys relevant evidence." *Walter v. Carnival Corp.*, No. 09-20962-CIV, 2010 WL 2927962, at *2 (S.D. Fla. July 23, 2010) (quoting *Bashir v. Amtrak,* 119 F.3d 929, 931 (11th Cir. 1997)).

Plaintiff filed this case on August 23, 2023, over a year and a half after his mother died in February 2022. *See* ECF No. [1]; ECF No. [30-3] at 31. Defendants have failed to demonstrate that Plaintiff had a duty to preserve this evidence. Further, Defendants do not point to evidence suggesting bad faith on Plaintiff's part. The Motion is accordingly denied as to this issue.

### B.  Plaintiffs' Motion

#### i.      References to attorney's fees, costs, or liquidated damages

Plaintiff first argues Defendants should be precluded from referencing to attorney's fees, costs, or liquidated damages. Defendants did not respond to Plaintiff's argument. The Court grants the Motion as to this issue in the absence of any opposition from Defendants.

#### ii.      Arguments that Plaintiff Committed Fraud

Plaintiff seeks to prevent Defendants from arguing he committed fraud on the federal government by billing it for time he spent caring for his mother while falsely claiming he was working during that time. Plaintiff reiterates that he did not intentionally destroy records regarding the time he spent caring for his mother and contends Defendants' argument that he committed fraud is baseless and highly prejudicial. Defendants respond that it should be permitted to make this argument because "the evidence shows that Plaintiff (and his attorney) are committing a fraud on this Court as with Plaintiff working 40 hours per week to help his mother, he could not have worked an average of 73 hours per week for 33 consecutive weeks." ECF No. [54] at 15.

The Court agrees with Plaintiff. Defendants provide no support for their accusation that Plaintiff deliberately destroyed records of the time he spent caring for his mother. The same is true regarding Defendants' assertion that Plaintiff spent approximately 40 hours per work caring for his mother during the Claim Period. Defendants do not point to any evidence supporting this assertion. It is certainly true the hours Plaintiff spent caring for his mother—or any other activity—is relevant to the question of how many hours Plaintiff actually worked for Defendants during the Claim Period. However, Defendants' unsupported argument that Plaintiff fraudulently billed the federal government for about 40 hours a week during the Claim Period lacks support

and, as such, is highly prejudicial. The Court accordingly agrees the probative value of this argument, if any, is substantially outweighed by the risk of unfair prejudice. The Motion is therefore granted as to this issue.

### iii.    Plaintiff's Text Messages Discussing Illegal Drugs

Plaintiff next seeks to exclude Defendants from offering any evidence or argument of any text messages indicating Plaintiff used or exchanged illegal drugs. Plaintiff argues the text messages referenced in Defendants' motion for summary judgment should be excluded because they are irrelevant, likely to confuse the issues, and cause unfair prejudice. Defendants respond that Plaintiff's text messages regarding the use of illegal drugs are relevant because they show Plaintiff was picking up drugs while "on the clock". According to Defendants, the probative value of those message is therefore not substantially outweighed by the risk of unfair prejudice.

Plaintiff is certainly correct that messages sent outside the Claim Period that simply reflect buying or consuming illegal drugs, without more, are both irrelevant and highly prejudicial. As the Court observed in its Order on Summary Judgment, the excerpted text messages relied on by Defendants are incomplete, omit the sender and recipient information, were sent outside the Claim Period, and contain irrelevant information. *See* ECF No. [46] at 14; ECF No. [30-4] ¶ 5. Defendants contend those messages, while admittedly prejudicial, are relevant because they show Plaintiff was attempting to buy drugs while "on the clock". However, the excerpted messages are unclear, incomplete, and fail to demonstrate that Plaintiff was "on the clock". Defendants have no support for that assertion, nor do they challenge Plaintiff's representation that Defendants lack any other evidence of Plaintiff's alleged drug use. The Court accordingly concludes the probative value, if any, of those messages is substantially outweighed

by the risk of unfair prejudice, misleading the jury, and confusing the issues. The Motion is accordingly granted as to this issue.

### iv.      Plaintiff's Text Messages Sent Outside the Claim Period

Plaintiff also seeks to exclude Defendants from offering argument or any evidence of text messages that were sent outside the Claim Period. Defendants respond that at least some of those messages are relevant to Plaintiff's overtime claim, and categorically excluding all messages sent outside the Claim Period is therefore improper.

Defendants accurately point out that text messages sent outside the Claim Period *may* be relevant and probative of Plaintiff's overtime claim. Many messages are presumably irrelevant and likely to confuse the issues. However, other messages may be relevant and probative of Plaintiff's overtime claim. Text messages from outside the Claim Period may be admissible to show the nature of Plaintiff's job duties, for example, or because they provide insight into Plaintiff's relationship with Colvard. As Defendants observe, the admissibility of Plaintiff's text messages cannot be evaluated in a vacuum. The admissibility of a given message must instead be evaluated based on the context and content of that message. The Court accordingly declines to categorically exclude any text messages sent outside the Claim Period, and the Motion is denied as to this issue.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Parties' Joint Motion *in Limine*, **ECF No. [54]**, is **GRANTED in part and DENIED in part** consistent with this Order.

Case No. 23-cv-23216-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 28, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record