**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-cv-23216-BLOOM/TORRES

ADRIAN FORBES,

     *Plaintiff,*

v.

BRITT'S BOW WOW BOUTIQUE, INC,
and MERRI COLVARD,

     *Defendants.*

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

This cause comes before the Court on Plaintiff, Adrian Forbe's Motion for Attorney's Fees [D.E. 86] and Bill of Costs. [D.E. 78]. Defendants, Britt's Bow Wow Boutique ("Bow Wow Boutique") and Merri Colvard, have filed their responses [D.E. 82; 90] and Plaintiff has filed his replies. [D.E. 83; 93]. The Motions, therefore, are ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, we recommend that Plaintiff's Motion for Attorney's fees be **GRANTED in part** and **DENIED in part**, and Plaintiff's Bill of Costs be **GRANTED in part** and **DENIED in part**.

---

[1] On October 28, 2024 and November 25, 2024, the Honorable Beth Bloom referred these motions to the Undersigned Magistrate Judge for a Report and Recommendation. [D.E. 79; 87].

## I.     BACKGROUND

On August 23, 2023, Plaintiff filed this lawsuit under the FLSA for unpaid wages. Plaintiff prevailed at trial and received a judgment in his favor for $38,206.08 in overtime pay.

Pursuant to the fee agreement between Plaintiff and his counsel, Plaintiff is to be reimbursed for all costs plus fees at $400 per hour. Plaintiff now seeks $101,900.00 in attorneys' fees for 251.1 hours of work by Elliot Kozolchyk at $400 per hour and 2 hours of work by Dillon Cuthbertson at $375 per hour. Plaintiff also seeks $1,940.15 in costs: $405.00 for fees of the clerk; $344.00 for summons and subpoenas; and $1,191.15 for printing costs.

Defendants, meanwhile, do not contest Plaintiff's entitlement to fees and costs; they do, however, lodge several objections as to the reasonableness of both the costs and fees sought by Plaintiff.

## II.     APPLICABLE LAW AND PRINCIPLES

### A.     Attorneys' Fees

In determining an appropriate fee award, we employ the lodestar method. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee"). This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the movant's

documentation of hours worked is inadequate, "the district court may reduce the award accordingly." *Id.*

The lodestar method requires the Court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended. *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005). Following the Court's calculation, "the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. Accordingly, when awarding fees, the Court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id.* at 1304 (citation omitted).

In awarding attorneys' fees, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). Courts, however, have considerable discretion when determining whether a party to a case should receive a fee award. *See Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1492-1493 (11th Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. *See Norman*, 836 F.2d at 1299–1302. It

is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters. *See, e.g., Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

### B.    *Costs*

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id*. A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Pursuant to section 1920, a court may award the following costs:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title; and
(6)     Compensation of court appointed experts, compensation of
interpreters, and salaries, fees, expenses, and costs of special
interpretation services under section 1828 of this title.

### III.    ANALYSIS

Because the parties do not question entitlement to fees and costs (and Plaintiff

is clearly the prevailing party), we will assess the reasonableness of the fees and costs

awards Plaintiff seeks.

### A.    *Attorneys' Fees*

Plaintiff seeks $101,900.00 in attorneys' fees for 251.1 hours of work by Elliot

Kozolchyk at $400 per hour and 2 hours of work by Dillon Cuthbertson at $375 per

hour.

Before assessing Defendants' specific objections, we will address Plaintiff's

ostensible failure to comply with Local Rule 7.3. Specifically, Defendants aver that

the draft fees motion that Plaintiff's counsel sent to Defendants was incomplete and

differed from the final, filed version. Defendants further argue that Plaintiff's counsel

failed to attach the fee agreement between him and his client.

Defendants recently raised an identical argument against Plaintiff's counsel in

*Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 0:22-CV-62138:

> Defendants contend that the Motion for Attorney's Fees should be
> denied for failure to comply with Local Rule 7.3 for several reasons. DE
> 148 at 1–3; see Southern District of Florida Local Rule 7.3(a), (b)
> (providing requirements for motions for attorney's fees). Local Rule
> 7.3(b) requires a party who anticipates moving for attorney's fees to send
> the opposing party "a draft motion" before filing it and further requires
> the parties to "confer and attempt in good faith to agree on entitlement
> to and the amount of fees." Defendants acknowledge that Plaintiff sent
> them a draft motion, but they assert that Plaintiff added three pages to

the draft before filing her Motion for Attorney's Fees. DE 148 at 2. But Local Rule 7.3(b) requires the exchange of "a draft motion." The Rule does not require the exchange of a finalized motion or mandate that no changes be made to the draft before filing the motion.

Defendants assert that Plaintiff did not engage in a good-faith effort to resolve the issues presented in the Motion for Attorney's Fees because, after they responded to her draft with their objections, her counsel refused to discuss those objections and instead simply filed the Motion for Attorney's Fees. DE 148 at 2. Plaintiff responds that Defendants' counsel flatly refused to consider any award of attorney's fees. DE 153 at 1–3. Rather than engage in a dispute over whether the parties conferred in good faith, the Court will proceed to evaluate the Motion for Attorney's Fees on its merits.

Local Rule 7.3(a) requires that a motion for attorney's fees "disclose the terms of any applicable fee agreement." Defendants contend that the Motion for Attorney's Fees is deficient because Plaintiff "failed to attach the fee agreement." DE 148 at 3. Local Rule 7.3(a) does not require attaching the fee agreement. Plaintiff complied with the Rule by disclosing in the Motion for Attorney's Fees that "the terms of the applicable fee agreement between Plaintiff and her counsel are that Plaintiff's counsel shall be reimbursed for all costs plus attorney's fees at the rate of $400 per hour." DE 145 at 2. The Court recommends that the Motion for Attorney's Fees not be denied for failure to comply with Local Rule 7.3(a), (b).

2024 WL 1286139, at *4 (S.D. Fla. Mar. 11, 2024), *report and recommendation approved*, 2024 WL 1285203 (S.D. Fla. Mar. 26, 2024). Seeing no reason to depart from this analysis, the Court recommends that Defendants' objections regarding Local Rule 7.3 be overruled.

We will now assess the reasonableness of the fee award Plaintiff seeks.

### 1.  *Reasonable Hourly Rate*

The first step is to consider the reasonable hourly rate. This rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Laranger v.*

*Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *ACLU of Georgia*, 168 F.3d at 427 (internal quotation marks and citations omitted). The relevant legal community here is South Florida.

Several factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974). The movant is required to submit to the Court satisfactory evidence to establish that the requested rate accurately reflects the prevailing market rate. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (finding that the burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). Ultimately, the Court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

Defendants object to Mr. Kozolchyk's sought hourly rate of $400. In support, Defendants point to caselaw in this district in which courts have and have denied Mr. Kozolchyk's request for a $400 hourly rate in FLSA cases, and have instead awarded a $350 to $375 hourly rate.

We agree with Defendants, and several other courts in this District, that $400 is an excessive hourly rate for a straight-forward, one-count FLSA case. That said, because the case proceeded to trial, we do find that $375 is a reasonable rate for Mr. Kozolchyk for employment litigation, and therefore recommend that he be awarded a $375 hourly rate. *See Santiago v. Peacock's 17, LLC*, No. 22-CV-62272, 2004 WL 580358, at *1 (S.D. Fla. Feb. 13, 2024) (agreeing that "a reasonable hourly rate for Plaintiff's counsel's [i.e., Mr. Kozolchyck] work in this case is $375 per hour"); *Slutsky v. Plotkin*, No. 23-CV-61416, 2023 WL 9183689, at *1 (S.D. Fla. Dec. 21, 2023) ("Although Plaintiff's counsel's billing records show that the Plaintiff seeks to bill his services at a rate of $400 per hour, the Court concludes that an award of $375 per hour is reasonable and appropriate."); *Cauzo v. Guarnera*, No. 20-CV-60396, 2023 WL 246833, at *1 (S.D. Fla. Jan. 18, 2023) ("Despite Plaintiff's argument that $400 is a reasonable hourly rate, our precedent indicates that $375 is the recognized reasonable hourly rate for Plaintiff's attorney in this case."); *Walker v. Grampa's Real Est. Inc.*, No. 0:20-CV-61557-WPD, 2022 WL 2788498, at *1 (S.D. Fla. July 15, 2022) (awarding Mr. Kozolchyk a $375 hourly rate after considering that "other judges in this district who have considered Mr. Kozolchyk's reasonable hourly rate over the last few years have overwhelmingly found $350 or $375 (and no more) to be reasonable").

Further, while Defendants do not object to Mr. Cuthbertson's $400 hourly rate, it, too, should be reduced. A Florida Bar search reveals that Mr. Cuthbertson was not admitted to the Florida Bar until June of 2024. Mr. Cuthbertson's contributions to this case, therefore, were made as a first-year associate. Further, Mr. Kozolchyck

makes no effort in his Motion to explain why a first-year associate who made minimal billable contributions to an FLSA case should receive an hourly award of $375. Accordingly, Mr. Cuthbertson's hourly rate should be reduced from $375 to $200. *See Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *2 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom.,* 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (reducing a second-year associates fee in an FLSA case to $200 per hour); *Squire v. Geico Gen. Ins. Co.,* No. 12-23315-CIV, 2013 WL 474705, at *5 (S.D. Fla. Feb. 7, 2013) (reducing a first-year associate's rate in an FLSA case to $150 per hour); *Garcia v. Pajeoly Corp.,* No. 18-23399-CIV, 2020 WL 764127, at *4 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted,* 2020 WL 764035 (S.D. Fla. Jan. 31, 2020) (awarding hourly rate of $250 for attorneys with "four to six years of FLSA experience").

### 2.    *Hours Reasonably Expended*

Next, the lodestar analysis requires that we determine the reasonable number of hours expended in the litigation. *Norman*, 836 F.2d at 1301. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of the fees to award. *Id*. If the fee applicant

fails to exercise required "billing judgment," the Court is obligated to "[prune] out those [hours] that are 'excessive, redundant, or otherwise unnecessary.'" *Id*. The Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303.

The party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that should be excluded. *ACLU of Georgia*, 168 F.3d at 427. In the final analysis, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Here, Plaintiff seeks to recover 251.1 hours billed by Mr. Kozolchyck and 2 hours billed by Mr. Cuthbertson. Defendants, meanwhile, assert a variety of objections to these time entries, which the Court will assess in depth.

As an initial matter, Defendants argue that Plaintiff should be entitled to no fees or costs because his billing practices are purportedly so egregious and dishonest that this Court should bar any award.

We disagree. While this case was not tantamount to a complex commercial litigation dispute, it did involve summary judgment briefing, discovery, a three-day jury trial, and a jury verdict in favor of Plaintiff. Without more (or any) persuasive evidence that Mr. Kozolchyck's entire fee-seeking effort is disingenuous, the Court will not bar Plaintiff's counsel from his entitlement to attorneys' fees.

To be clear, we are aware of cases in this district in which courts have opted against awarding fees and costs to Mr. Kozolchyck.[2] But outside of bare assertions, Defendants do not persuade us that this case is analogous to those other cases; indeed, this case involved an unsuccessful summary judgment effort by Defendants, as well as a jury verdict in Plaintiff's favor after a settlement was not reached. While perhaps Mr. Kozolchyk's actions in other cases warranted such drastic relief, Defendants have not carried their burden that, here, Mr. Kozolchyk has acted so egregiously that he should be denied attorneys' fees after prevailing at trial.

Accordingly, because the facts and procedure of this case were not in line with cases in which Mr. Kozolchyk was denied a fee award, we recommend that the Court reject Defendants' broad argument that no fees should be awarded. *See Keefe,* 2024 WL 1286139, at *6 (analyzing Mr. Kozolchyk's motion for fees against this same Defendant and finding that "[b]ased on the information before the Court, this does not appear to be a case that could have settled for a minimal amount and that

---

[2] *See Olguin v. Florida's Ultimate Heavy Hauling*, No. 17-61756-CIV, 2019 WL 3426539, at *2 (S.D. Fla. June 5, 2019), *report and recommendation adopted*, WL 5290856 (S.D. Fla. July 23, 2019) (denying fee award because "Plaintiff's counsel, Elliott Kozolchyk, appeared to be far-more interested in generating attorney's fees for himself than in resolving a modest claim for his client's benefit"); *Nelson v. Kobi Karp Architecture & Interior Design, Inc.*, No. 17-23600-CIV, 2018 WL 3059980, at *3 (S.D. Fla. May 8, 2018) ("Based on these facts, it appears that Plaintiff's counsel's sole intent, after receiving the checks with the October 24, 2017 letter from defense counsel, was to run up his bill. Under these circumstances, the Court finds it unreasonable, unjust, and inequitable to award Plaintiff any fees."); *Little v. Garden of New Beginnings Inc.*, No. 19-80207-CV, 2019 WL 13237031, at *2 (S.D. Fla. Aug. 30, 2019) (noting that "the need for careful scrutiny of attorney's fees is particularly acute given the history of excessive and unnecessary attorney's fees charged by Plaintiff's counsel, Elliot Kozolchyk").

Plaintiff's counsel perpetuated simply to generate fees. The Court will proceed to evaluate Plaintiff's counsel's billing records and determine the amount of attorney's fees that is reasonable.").

Next, we will proceed to Defendants' specific objections to Plaintiffs' counsels' time entries.

### a. *Document Review and Discovery*

Defendants' first objection is to Plaintiff's 15.7 hours of time entries for document review. Specifically, Defendants aver that they did not request any of the documents that Plaintiff reviewed. Further, Defendants argue that Plaintiff already ostensibly reviewed these same documents in an analogous case (*Keefe v. Britt's Bow Wow Boutique, Inc.,* No. 0:22-CV-62138), and thus should not be awarded fees for reviewing the same documents again. This is further bolstered, argue Defendants, by the fact that only 10–20 of the 800 pages were sought to be introduced at trial.

In response, Plaintiff argues that, when Defendants served upon Plaintiff a subpoena duces tecum, broad categories of documents were requested and had to be reviewed prior to the deposition. Further, Plaintiff also argues that much of those documents were part of Plaintiff's initial disclosures; thus, even if Defendants did not request the documents, they were still relevant and potentially admissible at trial. Plaintiff further argues that, while some of the documents reviewed in the pending case were also reviewed in the *Keefe* case, that is immaterial—Plaintiff still had to review those documents in the context of this case, and needed to re-analyze the documents to prepare for summary judgment and trial.

We agree with Plaintiff that the time spent reviewing the documents should be recoverable. As an initial matter, the review of documents can certainly be reasonable even if those documents are not ultimately offered at trial; every single piece of discovery does not end up as evidence. Further, the fact that much of the same documents were reviewed in *Keefe* may (if a more precise argument was offered) work to mitigate the time entries, but it does not render unreasonable the review of the same documents in this case. Surely, the documents could have been used for a different purpose when applied to different facts and claims.

As a result, we find that, as to the 15.7 hours spent reviewing the relevant documents, Plaintiff has carried his burden of showing that the time was reasonably expended, and Defendants have not shown in turn that the time was unreasonably expended. Accordingly, on this score, we recommend that Defendants' objections be overruled.

Next, Defendants object that Plaintiff unreasonably incurred "2.6 hours to prepare the same form discovery requests that his attorney send in each case to Britts Bow Wow." [D.E. 90 at 7]. Further, Defendants argue that "Plaintiff then charged an additional 3.1 hours to send virtually the identical set of form discovery requests to Marie Colvard." [D.E. 90 at 8].

In response, Plaintiff points out that the discovery in this case was in fact different than in *Keefe* and was specifically tailored. Plaintiff does not, however, defend why it was reasonable to incur 3.1 hours to send ostensibly identical (or extremely similar) requests to Ms. Colvard.

13

We agree with Plaintiff that spending 2.6 hours to review and send discovery requests—even if they are amended versions of similar, past discovery requests—is not an unreasonable amount of time. We do, however, find reason to sustain Defendants' objection that 3.1 hours is not a reasonable amount of time to send those same or similar discovery requests to a co-Defendant. Had Plaintiff made an effort to justify why Ms. Colvard's discovery requests took 3.1 hours, perhaps the fees could be recoverable. But because the objection raises a question as to reasonableness, and Plaintiff makes no effort to address that objection, the Court should sustain the objection. Accordingly, we recommend that the Court reduce 2.5 of the 3.1 hours billed for serving the relevant discovery on Ms. Colvard.

### b. Simple Tasks

Defendants further object that Plaintiff has included myriad time entries of .1 or .2 to complete short, simple tasks. These include: .1 spent reviewing an order granting a pro hac vice motion; .1 reviewing the judge assignment and summonses; .2 spent reviewing an order scheduling mediation and notice of mediation; and other "similar entries." [D.E. 90 at 7].

Standing alone, we do not find it unreasonable that Plaintiff billed .1 for reviewing various, simple filings. Surely, had Plaintiff billed more than .1 for any of these actions, the Court would be inclined to reduce those entries. But because Plaintiff bills only .1 for each task, and because each of the objected-to tasks are discrete from one another, we do not find the time entries to be unreasonable. Accordingly, on this score, Defendants' objections should be overruled.

14

### c.  Discovery Conferral

Next, Defendants object that Plaintiff unreasonably expended 12.1 hours to draft and send a letter that identified discovery deficiencies. The analysis contained in the letter, argues Defendants, should have taken "30 minutes at the most to prepare." [D.E. 90 at 7].

In response, Plaintiff argues that 12.1 hours was a reasonable amount of time for the 30-page, single-spaced letter—especially because it was preceded by an analysis of the discovery responses Defendants served.

We agree with Defendants that 12.1 hours is an excessive amount of time to spend on this task. While the document was 30 pages, that is because, as Defendants point out, the relevant discovery requests and responses were copy-and-pasted into the letter. Further, Plaintiff does not identify anything so uniquely problematic about Defendants' discovery responses such that a 12.1-hour letter was necessary. Accordingly, we recommend that this time entry be reduced by 8 hours, to a reasonable amount of 4.1 hours.

### d.  Emails and Texts

Defendants also take issue with Plaintiff singling out each text and e-mail reviewed as its own time entry.

As for texts, the Court does not see any individual entry for reviewing singular text messages in Plaintiff's materials (nor do Defendants specifically identify such time entries).

As to emails, the Court, upon review of Plaintiff's time entries, does see a large multitude of ".1" time entries for email review. On balance, it is not improper to bill for the review of emails. There are, however, numerous instances where Plaintiff's counsel billed separately for sending and reviewing non-substantive emails, within the same email chain, relating to the same topics, and on the same day. Such an instance occurred several times on April 17, 2024 (an unreasonable .2); April 24, 2024 (an unreasonable .2); April 25, 2024 (an unreasonable .2); August 26, 2024 (an unreasonable .2); September 4 and 5, 2024 (an unreasonable .2); October 23 and 24, 2024 (an unreasonable .1).

Accordingly, to account for these unreasonable time entries, the Court should reduce Plaintiff's claimed time entries by 1.1 hours. *See M&M Sisters, LLC v. Scottsdale Ins. Co.*, No. 21-24081-CIV, 2022 WL 18717403, at *19 (S.D. Fla. Dec. 19, 2022), *report and recommendation adopted,* 2023 WL 2017104 (S.D. Fla. Feb. 15, 2023) ("The Court should also reduce the fees sought by Scottsdale to account for counsel's practice of separately billing related emails (sent or received on the same day"); *Alexandre v. Millenia Hous. Mgmt., Ltd.*, No. 19-80612-CIV, 2020 WL 9458895, at *5 (S.D. Fla. Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 9458738 (S.D. Fla. Mar. 23, 2020) ("In the fee petition there are over fifty entries where the timekeeper billed 0.1 hour to 'receive and review' correspondence from their client and defense counsel, 'receive and review' paperless orders, and 'receive and review' single page orders. The Court finds this practice to be excessive and reduces these hours by two-thirds.").

### e.  *Extension Deadlines*

Moreover, Defendants object to Plaintiff's counsel's effort to recover attorneys' fees for his own extension requests. But Defendants provide no authority for their request to deduct every time entry related to extension requests. And courts "generally and routinely grant[ ] motions for extensions, and cannot deem that the time spent preparing and filing those motions [is] unreasonable." *Mimbs v. Colvin*, No. 514CV00177MTTCHW, 2018 WL 1371171, at *2 (M.D. Ga. Feb. 26, 2018), *report and recommendation adopted*, 2018 WL 1370603 (M.D. Ga. Mar. 16, 2018).

Here, Defendants do not contend that the extension requests themselves were uniquely unreasonable. Accordingly, the Court should reject Defendants' argument to wholly deduct the time related to those extension requests.

That said, the Court does find that some of the time entries related to the extension requests are unreasonable. For example, billing .1 for conferring on the extension, .2 for preparing the extension request, and .1 for reviewing the order granting the extension request is excessive; the Court should award only the time spent preparing the extension request. That same billing pattern was exhibited five times total. The Court, therefore, should reduce all time entries related to Plaintiff's own extension requests except for the time spent preparing the request itself. Thus, the Court should reduce 1.7 hours. *See Stile v. Albanese-Popkin The Oaks Dev. Grp., L.P.*, No. 09-82452-CIV, 2011 WL 13272532, at *2 (S.D. Fla. Mar. 31, 2011) ("First, On January 21, 2010, Mr. Duker bills .30 hours for drafting a Motion For Extension Of Time and .20 hours for drafting the proposed Order granting the same and

17

emailing it to opposing counsel. These charges will be reduced to .20 hours and .10 hours respectively. Then on March 22, 2010, Mr. Duker bills .60 hours for preparing another Unopposed Motion For Extension Of Time and Proposed Order on the Motion and for filing the same with the Clerk of the Court. This is unreasonable for the length and content of these filings, and will therefore be reduced to .20 hours."); *see Andre v. Gonzalez,* No. 10-20536-CIV, 2011 WL 13220244, at *4 (S.D. Fla. Sept. 13, 2011), *report and recommendation adopted,* 2012 WL 13008252 (S.D. Fla. Feb. 27, 2012), vacated (Mar. 5, 2012) (reducing fees related to extension requests because the time sought was "excessive even taken into consideration any conferrals with opposing counsel").

### f.  *Preparing Exhibits*

Next, Defendants object that the time Plaintiff spent reviewing documents to prepare trial exhibits was duplicative of the time Plaintiff spent reviewing those same documents during the discovery phase. We disagree. It is entirely reasonable for counsel to review documents during the discovery phase, and then again review those documents during the trial phase. Indeed, it would be poor lawyering to *not* review discovery once again at trial for the purpose of preparing strategy and organizing exhibits—even if those exhibits are not ultimately introduced at trial. Thus, we recommend Defendants' objection, on this score, be overruled. *See Keefe*, 2024 WL 1286139, at *7 ("As for Defendants' contention that counsel double-billed to review much of the same material, the Court finds it reasonable that counsel would review material as he received it to evaluate its relevance and the strength of his client's

case and then would review the material again as part of trial preparation. The Court does not recommend a reduction of the time counsel billed to review and prepare trial exhibits and exhibit lists.").

### g.   *Review of Trial Transcripts*

Defendants further object that Plaintiff's review of prior trial transcripts was both unnecessary and unreasonably lengthy. Specifically, Defendants question Plaintiff's 23 hours spent reviewing the trial transcripts from a previous trial against Bow Wow Boutique. In response, Plaintiff argues that the lengthy review was necessary because the transcripts were used to impeach Bow Wow Boutique's witnesses.

As an initial matter, we agree with Plaintiff that it is not unreasonable to review trial transcripts from a prior trial featuring the same defendant and similar claims. Indeed, Plaintiff's counsel would be remiss not to incorporate those transcripts into his impeachment efforts. That said, we do find that expending 23 hours to review those transcripts is excessive. Thus, we recommend a 13-hour reduction of the 23-hour time entry for review of the transcripts.

### h.   *Deposition Preparation*

Defendants also object to several time entries related to Plaintiff's deposition. For example, Defendants object to Plaintiff's 5.4-hour time entry for reviewing 648 pages of Plaintiff's documents to prepare to respond to Defendants' subpoena duces tecum. While we do not 5.4 hours to be unfathomable, we do find it to be slightly unreasonable, and therefore recommend a one-hour reduction.

Further, Defendants object to the 6.5 hours Plaintiff's counsel billed for meeting with Plaintiff to prepare him for his deposition. While there may be instances in which 6.5 hours of time is reasonable for deposition preparation, Plaintiff fails to provide a viable reason for why 6.5 hours was necessary in this relatively simple FLSA dispute. Accordingly, the Court should reduce the time entries associated with deposition preparation from 6.5 hours to 4.5 hours. *See Fox v. Morris Jupiter Assocs.*, No. 05-80689-CIV, 2008 WL 11407295, at *1 (S.D. Fla. Mar. 11, 2008), *report and recommendation adopted*, 2008 WL 11407286 (S.D. Fla. Mar. 26, 2008) (awarding "4.5 hours billed incident to preparing for and attending the … deposition").

### i.   *Summary Judgment Response*

Defendants next object to Plaintiff's counsel's bill for preparing a response to Defendants' motion for summary judgment. That response, Defendants' assert, is nearly identical to the response asserted by Plaintiff in a different case against Bow Wow Boutique. Further, the time entries include the preparation of a sur-reply that was never filed.

In the briefing, Plaintiff's counsel does not address the contention that he has filed a substantially similar opposition in a similar case against Bow Wow Boutique. Thus, Defendants have lodged a specific objection, and Plaintiff has failed to carry its consequent burden to belie that objection. *See McKitt v. Alabama Alcoholic Beverage Control Bd.*, No. 2:12-CV-673-WHA, 2013 WL 6212157, at *3 (M.D. Ala. Nov. 26, 2013) ("Once the Plaintiff raised his specific objection to the audio transcription cost, the Defendants had the burden of presenting some evidence of the necessity and

reasonableness of the requested costs."); *Truesdell v. Thomas*, No. 5:13-CV-552-OC-10PRL, 2018 WL 6983508, at *13 (M.D. Fla. Nov. 8, 2018), *report and recommendation adopted*, No. 5:13-CV-552-OC-10PRL, 2018 WL 6620486 (M.D. Fla. Dec. 3, 2018) (reducing cost award because "[d]espite being put on notice of Defendants' specific objections, Plaintiff made no effort to provide the required explanation regarding the objected to expenses").

Consequently, the Court should reduce the time Plaintiff's counsel billed for preparing the summary judgment response from 19.6 hours to 10 hours. *See Houston v. S. Bay Invs. No. 101, LLC*, No. 13-80193-CV, 2013 WL 3874026, at *2 (S.D. Fla. July 25, 2013) (reducing fees where "Plaintiff's counsel submitted an identical complaint1 in an identical case for the same plaintiff"); *Hoewischer v. Shopping Ctr. Devs. of Fla., Inc.*, No. 3:12-CV-106-J-99TJC, 2012 WL 7638188, at *2 (M.D. Fla. Oct. 5, 2012), *report and recommendation adopted as modified*, 2013 WL 784644 (M.D. Fla. Mar. 1, 2013) (reducing fees because "a virtually identical motion for default judgment (with virtually identical supporting time sheets) was filed on the same day by Ms. Joyner on behalf of Mr. Hoewischer in a virtually identical case").

Defendants also object to Plaintiff's time entries (0.9 on July 5, 2024) that seek fees for having conferred about a sur-reply that Plaintiff never filed. Because the docket indicates that Plaintiff never even sought leave to file a sur-reply, let alone that Plaintiff filed the sur-reply, we find that Defendants have carried their burden of showing that the fees should not be awarded. Plaintiff's fee award should thus be reduced by an additional .9 hours. *See John M. Floyd & Assocs., Inc. v. First Fla.*

*Credit Union*, No. 3:09-CV-168-J-MCR, 2012 WL 162331, at *2 (M.D. Fla. Jan. 19, 2012) (denying motion to award fees related to motions "never filed in this case"); *Adonizio v. Credit Control Servs., Inc.*, No. 6:21-CV-144-JA-DAB, 2023 WL 21953, at *9 (M.D. Fla. Jan. 3, 2023) (finding that "[n]o fees will be awarded for time spent on Rule 11 research and drafting" because the motion was never filed and "Plaintiff [did] not establish[ ] that these hours were necessary or reasonable").

### 3.      *Summary of Recoverable Fees*

Following these adjustments as to amount of attorneys' fees, we recommend that Plaintiff be awarded $79,637.50. This number is comprised of: 211.3 (reduced from 251.1) expended by Mr. Kozolchyck at a $375 hourly rate, and 2 hours expended by Mr. Cuthbertson at a $200 hourly rate.

### B.      __Bill of Costs__

Next, we will analyze Plaintiff's Bill of Costs. Plaintiff seeks $1,940.15 in taxable costs, comprised of $405.00 in fees of the clerk, $344.00 for service of summons and subpoena, and $1,191.15 for printing.

Defendants lodge objections only to printing costs. We nonetheless will assess each category of costs.

### 1.      *Fees of the Clerk*

Plaintiff seeks to recover $405.00 for the filing fee associated with filing the Complaint in this case. Under section 1920(1), a judge or clerk of any court of the United States can tax as costs fees of the clerk and marshal. Accordingly, and in light of no objection, we recommend that Plaintiff recover the $405.00 of costs incurred

from filing his Complaint. *See Chavez-Fuentes v. Saul*, No. 1:18-CV-20765-JLK, 2021 WL 2690059, at *3 (S.D. Fla. Feb. 18, 2021) ("Section 1920(1) permits a judge or clerk of any court of the United States to tax as costs the fees of the clerk and marshal. Accordingly, pursuant to 28 U.S.C. § 1920(1), Plaintiff shall recover $400.00 in costs incurred in the filing of the Complaint."); *Wareka v. Faces by Francesca, LLC*, No. 20-CV-62466, 2021 WL 6101375, at *6 (S.D. Fla. Oct. 19, 2021), *report and recommendation adopted*, 2021 WL 6072810 (S.D. Fla. Dec. 23, 2021) (granting motion to tax $402.00 in costs for filing the complaint).

### 2.      Fees for Service of Summons and Subpoena

Next, Plaintiff seeks to tax $340.00 for service of process: $195.00 for service on Ms. Colvard, and $149.00 for service on Bow Wow Boutique. Plaintiff includes invoices to substantiate both service costs. [D.E. 78-1]. "[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921," provided that they "do not exceed the statutory fees authorized in § 1921." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The U.S. Marshal rate "[f]or process served or executed personally" is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114.

Here, Plaintiff seeks more than $65.00 for each service of process, but the documentation does not detail the server's hourly rate or time expended. The Court, therefore, has no way of knowing whether the rate of Plaintiff's private process server exceeded that of the U.S. Marshal. Accordingly, the Court should reduce Plaintiff's

taxable costs for service of process to $130.00—$65.00 each for the two services of process. *See Martin v. Sabo*, No. 822CV00640TPBUAM, 2024 WL 1420471, at *3 (M.D. Fla. Mar. 14, 2024), *report and recommendation adopted*, 2024 WL 1417397 (M.D. Fla. Apr. 2, 2024) ("The fee for process served or executed by the U.S. Marshals Service is $65 per hour. Here, Plaintiff requests $90 for his private process server but the documentation submitted by Plaintiff does not detail the server's hourly rate or the time expended to effectuate service. Accordingly, the Court will limit the amount awarded for service upon Defendant to $65, the amount charged by the U.S. Marshals Service to effectuate service.").

### 3.    *Printing and Copying Costs*

Lastly, Plaintiff seeks $1,191.15 in printing costs. To substantiate these costs, Plaintiff has provided a self-made spreadsheet, which itemizes a total of 7,941 pages printed at a rate of $0.15.

In response, Defendants assert numerous objections. First, Defendants object that Plaintiff unreasonably printed four copies of all trial exhibits: one for Plaintiff's two attorneys, one for Plaintiff, and one for a witness. Defendants further argue that Plaintiff and the witness did not need a hard copy of the exhibits, because the exhibits were shown on a projector at trial. Further, Defendants argue that Mr. Kozolchyk's co-counsel did not need a copy, because he did not question any of the trial witnesses.

Plaintiff, meanwhile, argues that the hard copies were necessary for impeachment purposes and also to prepare for a projector malfunction.

We find that Plaintiff should be entitled to recover the cost of only two sets of exhibits. While Plaintiff's counsel may have made a strategic or cautious decision to print four copies of the exhibits, that decision was for the convenience of counsel. Even if Plaintiff believes the four copies were helpful, Plaintiff falls short of demonstrating that all four copies were necessarily obtained for use in the case as opposed to mere convenience. Accordingly, on this score, we recommend that Plaintiff's Bill of Costs be reduced by $340.03 (i.e., the costs of printing the two additional copies of exhibits). *See Walker v. Life Ins. Co. of N. Am.*, No. 5:16-CV-00506-HNJ, 2024 WL 872279, at *13 (N.D. Ala. Feb. 29, 2024) ("The court disagrees that Walker needed two copies of each group of documents to satisfy the court's requests or for the convenience of the jury. If, to provide rebuttal evidence, Walker needed a witness to refer to a document the court already admitted into evidence, Walker could simply refer to the previously admitted exhibit. She did not need another entire set of new copies from which to extract a separate copy of the rebuttal documents. She also did not need to make a separate copy of all of LINA's trial exhibits. Accordingly, the court will allow Walker to recover for only one copy [of each relevant document] …."); *Caron v. NCL (Bahamas) Ltd.*, No. 16-23065-CIV, 2018 WL 3672269, at *3 (S.D. Fla. May 30, 2018), *report and recommendation adopted*, 2018 WL 3672270 (S.D. Fla. June 14, 2018) (noting that "copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel").

Defendants further object that it was not necessary for Plaintiff to print "every single pleading in the case, Plaintiff's deposition transcript, and every document produced by either party." [D.E. 82 at 2].

As for the pleadings, the only cost included in Plaintiff's Bill of Costs is two copies of Defendants' four-page response to Plaintiff's statement of claim. "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *See Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd sub nom.*, 914 F.2d 267 (11th Cir. 1990). Here, while Plaintiff may recover for one copy of the response to the statement of claim, Plaintiff cannot recover for two copies (as Plaintiff has not made a showing that two copies were necessary rather than merely convenient). Accordingly, Plaintiff's Bill of Costs should be reduced by an additional $0.60.

As for discovery, "'[c]opies attributable to discovery' are a category of copies recoverable under § 1920(4)." *U.S. E.E.O.C.*, 213 F.3d at 623 (quoting *Desisto Coll., Inc.*, 718 F. Supp. at 913); *Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *15 (S.D. Fla. Sept. 14, 2010), *report and recommendation adopted*, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) ("Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable.") (quoting *Florida Keys Citizen Coalition, Inc. v. U.S. Army Corp. of Eng'rs*, 386 F.Supp.2d 1266, 1270 (S.D. Fla. 2005)). Here, Defendants do not persuade

the Court that we should undermine the rule in this Circuit and deny Plaintiff costs for printing discovery materials. We do agree with Defendants, however, that Plaintiff's costs should be reduced to only one copy of each discovery document. Accordingly, the Court should reduce Plaintiff's Bill of Costs by an additional $84.15, to account for the fact that Plaintiff seeks to bill multiple copies of the same discovery materials. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) ("In evaluating whether copies were necessary, the Court does not award costs for copies made merely for counsel's convenience, such as multiple copies of documents.").

As for depositions, the Court agrees with Defendants that, similarly to the discovery and pleadings documents, all but one copy of each deposition was obtained merely for the convenience of counsel. *See DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 243 (N.D. Ga. 1993) (concluding that "the defendant may tax the cost of one original deposition and one copy for each deposition taken by the defendant"). Thus, we recommend that Plaintiff should be permitted to recover the cost of only one copy of Plaintiff's deposition, and therefore Plaintiff's Bill of Costs should be reduced by an additional $36.60.

Lastly, we reject Defendants' argument that, because Plaintiff has supported the costs with an in-house spreadsheet, Plaintiff's printing costs should be denied altogether. Plaintiff's in-house document provides a description of what was printed; how many pages were printed; at what rate they were printed; and was attached to a verified Bill of Costs. Accordingly, the Court does not deem fatal Plaintiff's decision to print and copy in-house, because Plaintiff has provided specific documentation to

27

demonstrate what copies were made and why they were necessary. *See Bourne v. Sch. Bd. of Broward Cnty.,* No. 10-60942-CIV, 2012 WL 12894236, at *3 (S.D. Fla. May 9, 2012) (analyzing in-house copying costs and concluding that "[h]aving reviewed the record and the arguments of the parties, the Court finds that the Defendant's invoice, combined with its statements set forth above, provide sufficient grounds for finding that it reasonably believed that the copies at issue were necessary for the litigation of this matter"); *Pinilla v. Northwings Accessories Corp.,* No. 07-21564-CIV, 2008 WL 11331788, at *5 (S.D. Fla. Mar. 4, 2008), *report and recommendation adopted*, 2008 WL 11331782 (S.D. Fla. Mar. 21, 2008) (permitting partial recovery of "in-house photocopying expenses").

## IV.    CONCLUSION

For the reasons set forth above, we recommend that both Plaintiff's Motion for Attorneys' Fees and Bill of Costs be **GRANTED in part** and **DENIED in part.**

Specifically, we recommend that Plaintiff be awarded $79,637.50 in attorneys' fees, which is comprised of 211.3 (reduced from 251.1) expended by Mr. Kozolchyck at a $375 hourly rate, and 2 hours expended by Mr. Cuthbertson at a $200 hourly rate.

Further, we recommend that Plaintiff be awarded $1,264.77 in costs, which is comprised of $405.00 for fees of the clerk, $130.00 for service of process, and $729.77 for printing and copying.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to

file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers in Miami, Florida, this 4th day of February, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge