UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23216-BLOOM/Torres

ADRIAN FORBES,

    Plaintiff,

v.

BRITT'S BOW WOW BOUTIQUE, INC.,
and MERRI COLVARD,

    Defendants.
_____/

**ORDER ON REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** is before the Court upon the Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Attorneys' Fees and Costs ("R&R"), ECF No. [94]. Plaintiff Adrian Forbes filed Objections to the Magistrate Judge's R&R ("Objections"), ECF No. [95], to which Defendants Britt's Bow Wow Boutique, Inc. and Merri Colvard's (collectively "Defendants") did not file a response. For the reasons that follow, the Report and Recommendation is adopted.

**I.   BACKGROUND**

The Court generally assumes the Parties' familiarity with this case and adopts the background recounted in the R&R. ECF No. [94]. Relevant here, Plaintiff brought an action for unpaid overtime work pursuant to the Fair Labor Standards Act ("FLSA"). The case proceeded to a jury trial where the jury found that Defendants violated the FLSA by failing to compensate Plaintiff for the overtime hours he had worked. ECF No. [69]. Consistent with the jury's verdict, the Court entered Judgment for Plaintiff in the amount of $38,206.08. ECF No. [76]. Following

the Judgment, Plaintiff filed a Bill of Costs, ECF No. [78], and Motion for Attorneys' Fees. ECF No. [86].

On February 4, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant in part Plaintiff's Bill of Costs and Motion for Attorneys' fees. ECF No. [94]. The Magistrate Judge recommended an award of $79,6370 in attorneys' fees, consisting of 211.3 hours (reduced from 251.1) expended by attorney Elliot Kozolchyk at a reduced rate of $375 per hour, and 2 hours from attorney Dillon Cuthbertson at a reduced rate of $200 an hour. *See id.* at 28.

Plaintiff timely filed his Objections to the R&R on February 18, 2025, challenging only the hourly rate the Magistrate Judge recommended for Plaintiff's counsel. ECF No. [95] Specifically, Plaintiff contends that Kozolchyk's hourly rate should be $400 and Cuthbertson's hourly rate should be $375, given their respective skills and experience. *Id.*

## II. LEGAL STANDARD

### A. Standard of Review for Report and Recommendation

In reviewing a report and recommendation, the district court may accept, reject, or modify, in whole or in part, a magistrate judge's recommendation. 28 U.S.C. § 636(b)(1). "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R.

Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

Accordingly, "[a] party cannot invoke the district court's *de novo* review of a magistrate judge's R&R" by "merely restat[ing] the arguments previously presented, asserting a general "disagreement with a magistrate's suggested resolution, or by "simply summariz[ing] what has been presented before." *Martin v. Kijakazi*, Case No. 22-20469, 2023 WL 2623315, at *2 (S.D. Fla. Mar. 24, 2023) (quoting *Holland v. Colvin*, No. 4:14–cv–194, 2015 WL 1245189, at *3 (N.D. Ala. Mar. 18, 2015) (additional level of citation omitted)). The party must point to the specific error made by the magistrate judge in his or her report and recommendation, along with the accompanying authority supporting the objection. *See Koda v. Comm'r of Soc. Sec.*, No. 21-60934, 2022 WL 4354042, at *3 (S.D. Fla. Sept. 20, 2022) (quoting *Borges v. Berryhill*, Civ. Act. No. 17-22114, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018)). However, a party may also be barred from raising entirely new arguments "that were not in the first instance, presented to the magistrate judge." *Borges*, 2018 WL 1083964, at *1 (citing *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009)).

**III. DISCUSSION**

Except for challenges to the proposed hourly rate for Plaintiff's counsel, neither party objects to any other portion of the Magistrate Judge's R&R. As such, the standard of review for the unchallenged portions of the R&R is clear error. Upon careful review, the Court finds the unchallenged portions of the R&R to be well-reasoned and correct and adopts those portions of the R&R.

## A. Attorneys' Fees

Regarding attorneys' fees, Plaintiff does not challenge the Magistrate Judge's recommendation to reduce the number of hours awarded and only challenges the hourly rate for those hours. The Court will, therefore, review the reasonable rate for Plaintiff's attorneys' fees *de novo*.

### a. Attorney Elliot Kozolchyk's Hourly Rate

Plaintiff argues that with respect to Kozolchyk, an hourly rate of $400 rather than $375 is appropriate given his experiences and the going rate for similar employment law cases. ECF No. [95] at 2. Plaintiff asserts that Kozolchyk is the "sole shareholder of Koz Law, P.A. and has been practicing almost exclusively in labor and employment law for over 15 years." *Id.* In the past several years, Kozolchyk has been relatively successful at trial, winning six of his last seven jury trials. *Id.* Plaintiff further argues that not only does Kozolchyk's skill and experience support a $400 hourly rate, but courts have found $400 to be a reasonable rate for Kozolchyk in several other cases since 2019. *See id.* at 2-3.

The Court agrees with the Magistrate Judge that $375, not $400, is the reasonable rate for Kozolchyk's legal services here. As the Eleventh Circuit has explained, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1998) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984) and *Gaines v. Dougherty Cty. Bd. of Ed.*, 775 F.2d 1565, 1571 (11th Cir. 1985)). The burden to prove that a rate is reasonable rests with the applicant, who must show that the proposed rate is consistent with the "rates actually billed and paid in similar lawsuits." *Id.*

In his Objections, Plaintiff first points to his 15 years of experience and that he is the sole owner of his firm. However, those facts alone are insufficient to warrant a $400 hourly rate. Indeed,

courts in this District still routinely find that Kozolchyk's experience supports a hourly rate of $375, not $400.[1] *See e.g.*, *Keefe v. Britt's Bow Wow Boutique, Inc.*, Case No. 0:22-CV-62138, 2024 WL 1286139, at *6 (S.D. Fla. Mar. 11, 2024) (finding $375 a reasonable hourly rate for Mr. Kozolchyk); *Friona v. Issa*, Case No. 0:23-CV-62163, 2024 WL 3293919, at *2 (S.D. Fla. June 17, 2024) (same). Since Plaintiff has not offered any evidence that Kozolchyk has obtained a significant increase in skills or experience in the last year,[2] the Court is unconvinced that a $400 hourly rate is appropriate on those facts alone.

To further justify Kozolchyk's rate, Plaintiff also cites cases where other courts in this district have found that $400 was a reasonable rate for Kozolchyk's services. *See* ECF No. [95] at 2-3. Notwithstanding those cases the instant case involved a single straightforward count of unpaid overtime. As such, the Court agrees with the Magistrate Judge and numerous other courts that $375 is the more appropriate rate. *See Santiago v. Peacock's 17, LLC*, Case No. 0:22-CV-62272, 2024 WL 582880, at *3 (S.D. Fla. Jan. 29, 2024) (finding $375 per hour appropriate for Kozolchyk where he "provides no explanation showing that the issues in this case were particularly novel or difficult such that they may warrant awarding an hourly rate above $375."); *Keefe.*, 2024 WL 1286139, at *6 (finding in March 2024 that $375 was a reasonable hourly rate for Kozolchyk); *Smith v. Southern Underground Industries, Inc.*, Case No. 0:23-Cv-61599, 2024 WL 4371580, at *2 (S.D. Fla. Mar. 11, 2024) (same); *Mendes v. Endocrinology & Diabetes Assoc.*, Case No. 0:24-CV-60324, 2024 WL 4308757, at *2 (S.D. Fla. July 19, 2024) (same); *Friona v. Issa*, Case No.

---

[1] The fact that. Kozolchyk has won six out of his last seven jury trials does not alter the Court's analysis given that many of the judges who have found the appropriate rate for Kozolchyk to be $375 an hour have considered an identical trial record.

[2] As recently as July 2024, district courts have found that a reasonable rate for Mr. Kozolchyk was $375 per hour. *See Endocrinology & Diabetes Assoc.*, Case No. 0:24-CV-60324, 2024 WL 4308757, at *2 (S.D. Fla. July 19, 2024).

0:23-CV-62163, 2024 WL 3293919, at *2 (S.D. Fla. June 17, 2024); *Slutsky v. Plotkin*, No. 23-CV-61416, 2023 WL 9183689, at *1 (S.D. Fla. Dec. 21, 2023) ("Although Plaintiff's counsel's billing records show that the Plaintiff seeks to bill his services at a rate of $400 per hour, the Court concludes that an award of $375 per hour is reasonable and appropriate."); *Cauzo v. Guarnera*, No. 20-CV-60396, 2023 WL 246833, at *1 (S.D. Fla. Jan. 18, 2023) ("Despite Plaintiff's argument that $400 is a reasonable hourly rate, our precedent indicates that $375 is the recognized reasonable hourly rate for Plaintiff's attorney in this case."); *Walker v. Grampa's Real Est. Inc.*, No. 0:20-cv-61557, 2022 WL 2788498, at *1 (S.D. Fla. July 15, 2022) ("The Court agrees with Judge Strauss that $375 per hour is a reasonable hourly rate for Plaintiffs' counsel in this matter."); *Phillips v. SC Cap. Ventures, Inc.*, No. 19-62555-CIV, 2020 WL 2988381, at *2 n.2 (S.D. Fla. June 4, 2020) ("This Court routinely refuses to award Kozolchyk more than $375/hr."). Accordingly, the Court adopts the Magistrates Judge's recommendation and finds Kozolchyk's reasonable rate for this case to be $375 per hour.

### b. Attorney Dillon Cuthbertson's Hourly Rate

Plaintiff objects to the $200 hourly rate the Magistrate Judge recommended for Cuthbertson as well. According to Plaintiff, Cuthbertson's experience warrants a rate of $375 an hour. ECF No. [95] at 4. Plaintiff argues that Cuthbertson's more than a decade's worth of experience working as a financial advisor for Merrill Lynch and Northwestern Mutual "is exceptionally valuable in the practice of law, particularly in cases brought under the Fair Labor Standards Act (FLSA)." *Id.* at 3. According to Plaintiff, Cuthbertson's ability to "properly determine calculations of minimum wage claims, half-time claims, overtime claims, and misappropriate tip claims, tailored to the specific circumstances of hours worked and wages owed"

allows for a streamlined explanation of damages that are easy for the parties, the jury, and the Court to understand. *Id.*

Plaintiff also points out that Cuthbertson graduated from Florida State University *cum laude* with a degree in International Affairs, and then "went on to earn his Juris Doctor from the New England School of Law." *Id.* While Plaintiff acknowledges that Cuthbertson has less than a year of legal experience, he contends that Cuthbertson now focuses exclusively on labor and employment law and "has extensive experience representing individuals in successfully recovering unpaid wages in federal court." *Id.* at 4. Therefore, given Cuthbertson's experience, Plaintiff argues the appropriate rate for Cuthbertson's services is $375 an hour. *Id.*

The Court finds $200 per hour is the reasonable and appropriate rate for Cuthbertson's services. At the time of trial, Mr. Cuthbertson had been practicing law for approximately two and half a months. *See* ECF No. [95] at 4.[3] There are few lawyers who would be considered less experienced. Thus, to suggest that Mr. Cuthbertson's rate should be the same as his co-counsel— an attorney of fifteen years— strains credibility. Plaintiff relies heavily on the fact that Cuthbertson had a ten-year career in finance before he began practicing law. *See id.* at 3. While Plaintiff insists that Cuthbertson's prior experience as a financial advisor provides a substantial benefit when it comes to calculating damages in FLSA cases, Plaintiff offers no examples of a court increasing an attorney's rate based on their non-legal experience, let alone relying on the attorney's *non-legal* experience to nearly double the going rate for attorneys with similar legal experience. Moreover, the Court questions how useful Cuthbertson's financial knowledge could be in this case where he only billed two hours, and Plaintiff's calculations of damages were based on a simple

---

[3] Plaintiff states "[i]n July 2025, Mr. Cuthbertson will celebrate his one-year anniversary as a licensed attorney." ECF No. [95] at 4; *see also* ECF No. [94] ("A Florida Bar search reveals that Mr. Cuthbertson was not admitted to the Florida Bar until June of 2024. Mr. Cuthbertson's contributions to this case, therefore, were made as a first-year associate.").

multiplication of Plaintiff's hourly rate multiplied by the average number of overtime hours and the number of weeks worked.

Thus, since Plaintiff bears the burden of establishing that the attorneys' fees requested are reasonable, *Norman*, 836 F. 2d at 1299, the Court is unpersuaded that a rate of $375 an hour would be appropriate given Cuthbertson's limited legal experience and knowledge of FLSA cases. The $200 hourly rate recommended by the Magistrate Judge is a reasonable rate for Cuthbertson's services. *See e.g.*, *Richardson v. Fla. Drawbridges Inc.*, Case No. 21-cv-80803, Case No. 21-cv-80844 2023 WL 2251397, at *9 (S.D. Fla. Feb. 27, 2023) ("[T]he Court concludes that a $175 hourly rate is a reasonable rate for a newly barred attorney in South Florida."); *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1281 (S.D. Fla. 2019) (finding $200 was a reasonable rate for an attorney with less than two years of experience); *Southern Owners Ins. Co. v. Marquez*, No. 20-81431-CIV, 2022 WL 2651661, at *14 (S.D. Fla. July 8, 2022). (Thus, drawing from the Court's own knowledge and experience, the Court concludes that a $200 hourly rate is a reasonable rate for a newly barred attorney in South Florida."); *Garcia v. Pajeoly Corp.*, No. 18-23399-CIV, 2020 WL 764127, at *4 (S.D. Fla. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 764035 (S.D. Fla. Jan. 31, 2020) (awarding hourly rate of $250 for attorneys with "four to six years of FLSA experience").

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation, **ECF No. [94]**, is **ADOPTED**.

2. Plaintiff's Bill of Cost, **ECF No. [78]**, is **GRANTED in part and DENIED in part**; Plaintiff is awarded $1,264.77 in costs which is comprised of $405.00 in clerk fees, $130.00 for service of process, and $729.77 for printing and copying costs.

3. Plaintiff's Motion for Attorneys' Fees, **ECF No. [86]**, is **GRANTED in part and**

Case No. 23-cv-23216-BLOOM/Torres

**DENIED in part**. Plaintiff is awarded $79,637.50 in attorneys' fees, which consists of 211.3 hours (reduced from 251.1) expended by Kozolchyk at a rate of $375 per hour, and 2 hours expended by Cuthbertson at a rate of $200 per hour.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 27, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record